UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ELIZABETH MARQUARDT,

        Plaintiff,

v.

OCEAN REEF COMMUNITY ASSOCIATION,
and DAVID RITZ

        Defendants.
_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff, Elizabeth Marquardt (hereinafter "Plaintiff"), sues Defendant, Ocean Reef Community Association (hereinafter "ORCA") and David Ritz ("Ritz") and alleges:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is *sui juris* and has been a resident of Miami, in Miami-Dade County, Florida at all material times. Plaintiff was employed by ORCA.

2. ORCA is a homeowners' association and Florida Not for Profit Corporation with its principal place of business in Monroe County, Florida. At all times material hereto, ORCA is and was a covered "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b) ("Title VII"), the Florida Civil Rights Act, Fla. Stat.§ 760.01 *et. seq*. (the "FCRA"), and the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("Equal Pay Act").

3. Ritz is *sui juris* and has been a resident of Monroe County, Florida. Ritz is the President of ORCA and is an "employer" under the Equal Pay Act.

4. From January 4, 2016 to January 22, 2018, Plaintiff was an "employee" of ORCA within the meaning of 42 U.S.C. § 2000e(f) and an "aggrieved person" within the meaning of the FCRA § 760.02(10).

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, Title VII, and the Equal Pay Act, and supplemental jurisdiction under 28 U.S.C. § 1367.

6. Venue is proper because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

7. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## CONDITIONS PRECEDENT TO BRINGING SUIT

8. Conditions precedent to bringing this action have occurred, been performed, are waived, have been excused, or are properly subject to equitable modification, as set forth herein.

9. Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") and the Florida Commission on Human Rights (FCHR) on May 8, 2018, within 300 days of ORCA's commission of the unlawful employment practices. Plaintiff's Charge of Discrimination is attached hereto as "Exhibit A."

10. On or about November 5, 2018, when 180 days had passed since the filing of Plaintiff's Charge, Plaintiff requested a Notice of Right to Sue by letter. Plaintiff's request for a Notice of Right to Sue is attached hereto as "Exhibit B."

11. Upon the passing of 180 days from the date Plaintiff's Charge was filed, Plaintiff was eligible to receive a Notice of Right to Sue. *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(a)(1).

12. Notwithstanding the passage of 180 days since the filing of Plaintiff's Charge, on or about November 8, 2018, the EEOC by letter advised that it would not issue a Notice of Right to Sue, stating:

> The Commission has determined that based upon the allegations set forth in the charge, the issuance of a Right to Sue Notice at this juncture may defeat the purposes of Title VII. Accordingly, the request for same is hereby denied.

The EEOC's letter is attached hereto as "Exhibit C."

13. Subsequent to November 8, 2018, Plaintiff's EEOC investigator informed Plaintiff's counsel that the Notice of Right to Sue would likely issue following a period of brief, further review by the EEOC.

14. Plaintiff has cooperated with the assigned EEOC investigator. However, Plaintiff has notified the EEOC that since well over 180 days have passed since the filing of Plaintiff's Charge of Discrimination, all conditions precedent to filing this action have been fulfilled and that Plaintiff is proceeding with this action.

## ALLEGATIONS COMMON TO ALL COUNTS

15. ORCA, under the leadership of Ritz and its Public Safety Vice President, Tim James ("James"), has long sponsored, promoted or permitted a toxic workplace environment hostile to its female work force, inclusive of Plaintiff.

16. From January 4, 2016 to January 22, 2018, Plaintiff was the Vice President and Chief Financial Officer of ORCA, inclusive of its related entities, North Key Largo Utility Company, ORCAT, Inc., Ocean Reef Volunteer Fire Department and Friends of the Dog Park.

17. Plaintiff was the sole female Vice President at ORCA during the period of her employment.

18. During the period of Plaintiff's employment, Plaintiff was forced to endure frequent, lewd and inappropriate commentary from Ritz, objectifying and sexualizing female ORCA employees.

19. Plaintiff observed Ritz openly brag to ORCA members and staff that he had "gorgeous women on staff" and "never hired bad looking women."

20. During an ORCA staff meeting that Plaintiff attended in 2017, Ritz jokingly referred to a female car sales person who asked whether he wanted the Tesla automobile he was considering to have the dashboard "in the ash."

21. During the period of Plaintiff's employment, Plaintiff was excluded from ORCA-sponsored social gatherings with Ritz and other members of ORCA management.

22. During the period of Plaintiff's employment, female employees were requested to attend ORCA-sponsored swimsuit parties, a clear pretext to compel the display of ORCA's female employees.

23. During the period of Plaintiff's employment, ORCA permitted James to harass, demote and force out ORCA female employees with impunity.

24. During the period of Plaintiff's employment, one female employee of ORCA resigned after being sexually harassed by James. Another female employee was demoted following her objection to James' treatment of ORCA's Public Safety Department employees.

25. On or about December 5, 2017, Plaintiff met with Ritz and former VP of Human Resources, Greg Lunsford, and objected to James' repeated harassment and inappropriate touching of females employed by ORCA and its related entity, Ocean Reef Club ("the December meeting") with the intent of putting an end to that conduct. Ritz dismissed Plaintiff's concerns.

26. Following and as the direct result of the December meeting, Ritz made it clear to Plaintiff that she was at risk of losing her job. On several occasions, Ritz stated to Plaintiff: "We didn't have a CFO before, and we don't need one now."

27. Upon information and belief, in late December 2017, a male ORCA Vice President received a $10,000 bonus for performing the same Hurricane Irma insurance claim-related relief work as Plaintiff. Following and as the direct result of the December meeting, ORCA and Ritz refused payment of Plaintiff's bonus.

28. Plaintiff resigned from her employment on or about January 22, 2018. Her resignation was the direct and proximate result of a hostile work environment that ORCA had perpetrated, and which continued unabated.

29. Plaintiff's resignation was, as a matter of law, a constructive discharge.

## COUNT I
### Violation of Title VII and FCRA – Retaliation (ORCA)

30. Plaintiff re-alleges paragraphs 1 through 29, as if fully stated herein.

31. Plaintiff engaged in conduct protected by Title VII, 42 U.S.C. § 2000e *et seq.* and the FCRA, Fla. Stat. § 760.10(1)(a) when she opposed, objected to and refused to participate in ORCA's discriminatory and hostile treatment of its female work force.

32. Because of Plaintiff's protected conduct, ORCA retaliated against Plaintiff by withholding a bonus from Plaintiff, continually threatening Plaintiff's employment, and intentionally creating a hostile work environment for Plaintiff.

33. As a direct and proximate result of ORCA's action, Plaintiff has suffered and will continue to suffer damages including, but not limited to, lost wages and benefits, damage to her professional career and reputation, personal humiliation, mental anguish and embarrassment.

WHEREFORE, Plaintiff demands judgment against Defendant ORCA for her damages, inclusive of back pay, lost benefits, front pay, compensation for emotional pain and mental anguish, punitive damages, her reasonable attorneys' fees and costs, and such other relief the Court deems to be just and proper.

## COUNT II
### Violation of the Florida Whistleblower Act (Fla. Stat. § 448.102(3)) – Retaliation (ORCA)

34. Plaintiff re-alleges paragraphs 1 through 29 as if fully stated herein.

35. Florida's Whistleblower Act, Florida Statute § 448.102, prohibits an employer from retaliating against an employee who objected to, or refused to participate in the violation of laws designed to protect employees from discrimination on the basis of sex:

> § 448.102 Prohibitions.-An employer may not take any retaliatory personnel action against an employee because the employee has:
> * * *
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

*See* Fla. Stat. § 448.102(3).

36. The constructive termination of Plaintiff's employment was the result of retaliatory personnel action by ORCA in violation of Florida law which has resulted in great harm and damage to Plaintiff.

37. As a direct and proximate result, Plaintiff has suffered and will continue to suffer monetary damages including, but not limited to lost wages and benefits, damage to her professional career and reputation, personal humiliation, mental anguish and embarrassment.

WHEREFORE, Plaintiff demands judgment against Defendant ORCA for her damages, inclusive of back pay, lost benefits, front pay, compensation for emotional pain and mental anguish, her reasonable attorneys' fees and costs, and such other relief the Court deems to be just and proper.

## COUNT III
### Violation of Title VII and Florida Civil Rights Act -Hostile Work Environment (ORCA)

38. Plaintiff re-alleges paragraphs 1 through 29 as if fully stated herein.

39. Plaintiff, a female, was subjected to a hostile and/or abusive work environment because of (1) her gender, and (2) her opposition, objection to, and refusal to participate in ORCA's discriminatory and hostile treatment of its female work force.

40. ORCA sponsored, created or otherwise fostered this environment and/or permitted its existence.

41. As a proximate result, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendant ORCA for her damages, inclusive of back pay, lost benefits, front pay, compensation for emotional pain and mental anguish, punitive damages, her reasonable attorneys' fees and costs, and such other relief the Court deems to be just and proper.

## COUNT IV
### Violation of Title VII and Florida Civil Rights Act - Constructive Discharge (ORCA)

42. Plaintiff re-alleges paragraphs 1 through 29 as if fully stated herein.

43. ORCA's hostile treatment of Plaintiff and other female employees made Plaintiff's working conditions so intolerable that a reasonable person in like circumstances would have felt compelled to resign.

44. Plaintiff resigned from her position due to ORCA's hostile work environment, which ORCA knowingly allowed to persist

45. ORCA's unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff. .

WHEREFORE, Plaintiff demands judgment against Defendant ORCA for her damages, inclusive of back pay, lost benefits, front pay, compensation for emotional pain and mental anguish, punitive damages, her reasonable attorneys' fees and costs, and such other relief the Court deems to be just and proper.

## COUNT V
### Violation of Title VII and Florida Civil Rights Act – Gender Discrimination (Disparate Treatment) (ORCA)

46. Plaintiff re-alleges paragraphs 1 through 29 as if fully stated herein.

47. Plaintiff is a member of an identified protected class, to wit: female.

48. Plaintiff was treated in a disparate and discriminatory manner compared to male ORCA employees as part of a pattern of discriminatory conduct.

49. By the acts described herein, ORCA created a hostile work environment and thereby discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender, in violation of Title VII and the FCRA.

50. As the direct and proximate result of ORCA's gender-based discrimination, Plaintiff has suffered and will continue to suffer monetary damages including, but not limited to lost wages and benefits, damage to her professional career and reputation, personal humiliation, mental anguish and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment awarding her compensatory damages, including back pay, lost benefits, front pay, compensation

for emotional pain and mental anguish, punitive damages according to proof against ORCA, reasonable attorneys' fees and costs, and any other relief the Court deems to be just and proper.

## COUNT VI
### Violation of Equal Pay Act (ORCA and Ritz)

51. Plaintiff re-alleges paragraphs 1 through 29 as if fully stated herein.

52. Defendants ORCA and Ritz have discriminated against Plaintiff in violation of the Equal Pay Act by subjecting her to unequal pay on the basis of sex.

53. Defendants ORCA and Ritz have discriminated against Plaintiff by treating her differently from and less preferably than similarly-situated male employees who performed jobs requiring equal skill, effort, and responsibility, and which were performed under similar working conditions. Defendants also discriminated by subjecting Plaintiff to less pay in violation of the Equal Pay Act.

54. Defendants knew of or showed reckless disregard for the fact that their conduct was in violation of the Equal Pay Act.

55. As a result of Defendants' conduct alleged herein and/or Defendants' willful, knowing and intentional discrimination, Plaintiff has suffered and will continue to suffer harm, including but not limited to, lost wages, lost benefits, and other financial loss.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment awarding her compensatory damages, including underpaid wages, doubled compensatory awards for all willful violations and reasonable attorneys' fees under 29 U.S.C. § 216, *et seq.*, and any other relief the Court deems to be just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all such claims as may be so triable as of right.

Dated:  May 2, 2019

                    **WEIL SNYDER & RAVINDRAN, P.A.**
                    201 South Biscayne Boulevard
                    Citigroup Center, Suite 720
                    Miami, FL  33131
                    Telephone:     305.372.5352
                    Facsimile:      305.372.5355

                    By: *s/Ronald P. Weil*
                        Ronald P. Weil, Esq. (169966)
                        E-Mail: RWeil@weillawfirm.net
                        Marguerite Snyder, Esq. (79082)
                        E-Mail: MSnyder@weillawfirm.net
                        Sec. Email: Service@weillawfirm.net